**Toyin DAWODU, Plaintiff—Appellant,**

v.

**COUNTY OF LOS ANGELES; et al., Defendants—Appellees.**

No. 03–56204.

D.C. No. CV–02–08247–DOC.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

Toyin Dawodu, pro se, Grand Terrace, CA, for Plaintiff–Appellant.

Edwin A. Lewis, Manning & Marder, Kass, Ellrod, Ramirez LLP, Los Angeles, CA, for Defendants–Appellees.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

MEMORANDUM**

Toyin Dawodu appeals the district court's dismissal of his complaint under 42 U.S.C. § 1983 against the County of Los Angeles (County), employees of the County Child Support Services Department (CCSSD), and Howlina Hall, who alleged Dawodu fathered her two minor children.

Dawodu challenges the immunity of the CCSSD employees and the district court's decision to sua sponte raise issues of prosecutorial immunity and municipal liability.

* This case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

We need not reach these issues because the district court also found that Dawodu's complaint states no claim for civil rights violation. We review dismissal on this basis de novo, see Libas Ltd. v. Carillo, 329 F.3d 1128, 1130 (9th Cir.2003), and agree that the acts alleged do not state a claim under 42 U.S.C. § 1983.

Dawodu, who had a right to amend his complaint under Fed. R. Civ. Proc. 15(a) because no responsive pleading had been filed, challenges the district court's denial of leave to amend after dismissal, which is reviewed for abuse of discretion. See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir.2002). The district court did not abuse its discretion because amendment "could not possibly cure the deficienc[ies]." Schreiber Dist. Co. v. Serv–Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.